**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| DAVID WAYNE DOVER,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 0:26-cv-748-MGL |
| NURSE MRS. VANCE; ANTHONY BREEDEN; FREDRICK DAVIS; and HEATHER BURDETT,<br>Defendants. | §<br>§<br>§<br>§<br>§ | |

**ORDER ADOPTING REPORT AND RECOMMENDATION,**
**DISMISSING PLAINTIFF'S COMPLAINT,**
**AND RESOLVING HIS OTHER MOTIONS AS DESCRIBED HEREIN**

## I. INTRODUCTION

Plaintiff David Wayne Dover brought this lawsuit pro se against the above-named defendants asserting claims under 42 U.S.C. 1983.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court the complaint be summarily dismissed without leave to amend. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II. FACTUAL AND PROCEDURAL HISTORY

Dover is a state inmate, and his amended complaint addresses several disparate issues related to his pretrial detention. The defendants are Sheriff Anthony Breeden, Public Defender

Fredrick Davis, Solicitor Heather Burdett, and Nurse Vance of the detention center at which Dover has been held.

The Report accurately states the facts alleged in the amended complaint and the procedural history of the case. It will be adopted and incorporated herein. Dover states he was arrested for shoplifting and later had his bond revoked. He asserts Davis and Burdett essentially conspired against him to keep him imprisoned, and he complains about various procedures used during his state prosecution.

The Magistrate Judge recommends dismissing the claims against Burdett and Davis because Burdett enjoys absolute prosecutorial immunity, and Davis, as counsel representing Dover, acted in a private capacity rather than under color of state law, as required for liability under § 1983. She also recommends dismissing all of the claims, including those against Vance, on the merits because Dover failed to adequately allege the violation of a constitutional right and because the claims related to his criminal proceeding must first be exhausted in state court.

The Magistrate Judge filed the Report on March 20, 2025. Dover timely filed objections on April 2, 2025. In the objections, Dover also moves for an unspecified extension to obtain a transcript of an unidentified hearing, and he requests the appointment of counsel.

Also pending before the Court is Dover's subsequently filed document which was docketed as a "motion to dismiss[.]" In it, he states he received an eighteen-month-sentence, and he again challenges the procedures and results of the sentencing proceeding.

## III. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## IV. DISCUSSION AND ANALYSIS

### *A. Whether Dover's objections should be sustained*

Dover's only specific objection to the Report centers on the solicitor prosecuting his case and the procedures used in his prosecution. He writes, "I object the Solicitor is going outside her duties by holding someone without a preliminary hearing to indict you." Objections at 1. He also complains, "It isn't the Solicitor's job to lock a defendant up – it's her job to prepare for trial." *Id.*

Regardless of his disagreement with the Solicitor's decisions, his arguments fail to challenge the Magistrate Judge's correct rationale: a criminal prosecutor has absolute immunity from liability under § 1983. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("[A] state prosecutor [has] absolute immunity for the initiation and pursuit of a criminal prosecution." (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976))). The objection will therefore be overruled.

The remainder of his objections state general facts relating to his prosecution without any apparent relation to the defendants in this case or arguments suggesting error in the Report. As such—to the extent they are objections—they will be overruled, as well.

### *B. Whether Dover is entitled to an extension or the appointment of counsel*

In the objections Dover also wrote:

> I'm ask[ing] for a[n] extension because I'm waiting on the Court's response on a transcript request form I sent in. And I'm asking to be appointed counsel at this time[] on the grounds that I'm dealing with counsel of the law & I feel I need counsel to face counsel.

Objections at 1. Dover fails to specifically identify what he requests be extended. To the extent he asks the Court to extend the time for him to file supplemental objections without providing any explanation of his need for the transcript—and more importantly because he has already filed objections to the Report—the request will be denied.

As for his request for counsel, the Court has "discretion to appoint counsel in civil cases[.]" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated in unrelated party by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989)). The "inquiry requires the court to determine (1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Id.* (citing *Whisenant*, 739 F.2d at 162).

Here, having thoroughly reviewed the amended complaint, the Report, and Dover's filings, the Court concludes he has failed to present a colorable claim. The Magistrate Judge's analysis in the Report was correct. All of Dover's claims are certainly without merit, and therefore his request to appoint counsel will be denied.

### *C. Whether to grant Dover's remaining motion*

Dover's filing following the objections complains of his representation in the criminal proceedings in this case, challenges the denial of time-served credit, and requests the appointment of a different lawyer to represent him on his state charges. He seeks dismissal of his charges.

These statements and requests are entirely unrelated to this civil case. Moreover, this Court is without the authority to review state criminal proceedings presented this way. If Dover wishes to challenge his conviction or sentence, he must do so by way of an appeal and/or an application for post-conviction relief in state court. If he has already done so, he can then file a petition for a

writ of habeas corpus under 28 U.S.C. § 2254, while complying with all substantive and procedural requirements of such a petition. Because he failed to do so, this motion will be dismissed without prejudice.

## V. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Dovers's objections, adopts the Report, and incorporates it herein. Dover's amended complaint is therefore **DISMISSED WITH PREJUDICE**.

His requests for an extension of time and to appoint counsel are **DENIED**, and his subsequent motion to dismiss is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 24th day of November 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

Dover is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.